UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 6:21cv414-ADA |
| v. | ) ) | |
| RAREFIED ATMOSPHERE, INC., | ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Rarefied Atmosphere, Inc. ("Rarefied") hereby files its answer and affirmative defenses ("Answer") to the Complaint filed April 26, 2021 ("Complaint") by Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, "SITO" or "Plaintiff"). Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint. Rarefied denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Rarefied further denies that SITO is entitled to the relief requested in the Complaint, or to any other relief.

### NATURE OF THE ACTION

1.    Rarefied admits that this action purports to arise under 35 U.S.C. §§ 1 et seq.

### THE PARTIES

2.    Rarefied admits that SITO Mobile R&D IP, LLC holds itself out to be a Delaware limited liability company with its principal place of business at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

3. Rarefied admits that SITO Mobile, Ltd. holds itself out to be a Delaware company with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

4. Rarefied admits the allegations of Paragraph 4.

5. Rarefied admits the allegations of Paragraph 5.

**JURISDICTION AND VENUE**

6. Rarefied admits that this action purports to arise under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq. Rarefied admits that this Court has subject matter jurisdiction over this matter.

7. Rarefied does not contest personal jurisdiction in this judicial district solely for the purpose of this action. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 7.

8. Rarefied does not contest personal jurisdiction in this judicial district solely for the purpose of this action. Rarefied expressly denies that it has (directly and/or through its subsidiaries, affiliates, or intermediates) committed and continues to commit any acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a). Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 8.

9. Rarefied does not contest personal jurisdiction in this judicial district solely for the purpose of this action. Rarefied admits that it operates an office in this State and judicial district, and that it employs Texas residents in this State and judicial district. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 9.

10. Paragraph 10 states legal conclusions and does not require a response. To the extent a response to the allegations in paragraph 10 is required, Rarefied does not contest personal

jurisdiction in this judicial district solely for the purpose of this action. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 10.

11.    Rarefied admits that, for the purposes of this action only, venue is proper in this district pursuant to 28 U.S.C. §§1391(b)-(d) and/or 1400(b). Rarefied denies that venue in this district is convenient under 28 U.S.C. § 1404(a). Rarefied expressly denies that it has committed any acts of infringement in this judicial district. The remaining allegations in paragraph 11 state legal conclusions and do not require a response. To the extent a response to these portions of paragraph 11 is necessary, Rarefied denies them.

12.    Rarefied admits that it operates an office in this State and judicial district. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 12.

13.    Rarefied admits the allegations of Paragraph 13.

14.    Rarefied admits that its website lists job openings for positions in this judicial district. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 14.

### ATMOSPHERE VIDEO STREAMING SERVICE

15.    Rarefied admits that it offers a subscription-based streaming service that provides video programming over the Internet. Rarefied admits that, as of the date of the Complaint, Rarefied has over 10,000 locations using Atmosphere TV. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 15.

16.    Rarefied admits that the quoted text comes from Rarefied's website at https://atmosphere.tv. Except as expressly admitted, Rarefied denies all remaining allegations of Paragraph 16.

17.    Rarefied admits that the quoted text comes from the websites referenced in Paragraph, admits that subscribers can access its services through a device provided by Atmosphere, and

3

denies that subscribers can download Atmosphere TV apps to any mobile devices from Apple's app Store. Rarefied denies all remaining allegations of Paragraph 17.

18.    Rarefied admits that it has offered a variety of subscription plans, including a Basic plan that comes with no monthly charge and a one-time activation charge of $99, admits that the Basic plan has included advertisement, admits that a venue has been required to play a minimum of 40 hours per month to avoid a service fee of $20, and admits that the Basic plan differs from other plans. Except as expressly admitted, Rarefied denies all remaining allegations of Paragraph 18.

19.    Rarefied admits that its streaming services utilize servers to stream content to Rarefied subscribers, including servers from third parties. Rarefied denies that such third party servers constitute a "Rarefied Streaming Platform." Rarefied admits that at least some Rarefied content is delivered utilizing HTTP Live Streaming (HLS) protocols. The remainder of paragraph 19 contains a SITO statement regarding its interpretation bitrate streaming that Rarefied neither confirms nor denies. To the extent a response is required, Rarefied denies the remainder of paragraph 19.

20.    Paragraph 20 contains a SITO statement regarding its interpretation of HLS and its functionality. To the extent a response is required, Rarefied denies the remainder of paragraph 20.

21.    Rarefied admits that the screen capture in Paragraph 21 is from a Rarefied website, and denies that the screen capture demonstrates that Atmosphere video content is encoded at different bit rates. Except as expressly admitted, Rarefied denies all remaining allegations of Paragraph 21.

## THE PATENTS-IN-SUIT

### United States Patent No. 7,054,949

22. Rarefied admits that United States Patent No. 7,054,949 ("the '949 patent") bears the title "System and Method for Streaming Media" and states that it was issued to Jennings et al. on May 30, 2006. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 22.

23. Rarefied admits that the '949 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '949 patent is in fact valid.

24. Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 24 and therefor denies the same.

### United States Patent No. 7,689,706

25. Rarefied admits that United States Patent No. 7,689,706 ("the '706 patent") bears the title "System and Method for Streaming Media" and states that it was issued to Jennings et al. on March 30, 2010. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 25.

26. Rarefied admits that the '706 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '706 patent is in fact valid.

27. Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefor denies the same.

### United States Patent No. 8,825,887

28. Rarefied admits that United States Patent No. 8,825,887 ("the '887 patent") bears the title "System and Method for Streaming Media" and states that it was issued to Jennings et al. on

5

September 2, 2014. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 28.

29. Rarefied admits that the '887 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '887 patent is in fact valid.

30. Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 30 and therefor denies the same.

### United States Patent No. 9,026,673

31. Rarefied admits that United States Patent No. 9,026,673 ("the '673 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on May 5, 2015. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 31.

32. Rarefied admits that the '673 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '673 patent is in fact valid.

33. Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 33 and therefor denies the same.

### United States Patent No. 9,135,635

34. Rarefied admits that United States Patent No. 9,135,635 ("the '635 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on September 15, 2015. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 34.

35. Rarefied admits that the '635 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '635 patent is in fact valid.

36.    Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 36 and therefor denies the same.

## United States Patent No. 9,135,636

37.    Rarefied admits that United States Patent No. 9,135,636 ("the '636 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on September 15, 2015.  Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 37.

38.    Rarefied admits that the '636 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '636 patent is in fact valid.

39.    Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 39 and therefor denies the same.

## United States Patent No. 9,350,777

40.    Rarefied admits that United States Patent No. 9,350,777 ("the '777 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on May 24, 2016.  Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 40.

41.    Rarefied admits that the '777 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '777 patent is in fact valid.

42.    Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 42 and therefor denies the same.

## United States Patent No. 9,380,088

43.    Rarefied admits that United States Patent No. 9,380,088 ("the '088 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on June

7

28, 2016. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 43.

44.    Rarefied admits that the '088 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '088 patent is in fact valid.

45.    Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 45 and therefor denies the same.

## United States Patent No. 9,591,360

46.    Rarefied admits that United States Patent No. 9,591,360 ("the '360 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on March 7, 2017. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 46.

47.    Rarefied admits that the '360 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '360 patent is in fact valid.

48.    Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 48 and therefor denies the same.

## United States Patent No. 9,756,362

49.    Rarefied admits that United States Patent No. 9,756,362 ("the '362 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on September 5, 2017. Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 49.

50.    Rarefied admits that the '362 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '362 patent is in fact valid.

8

51.     Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 51 and therefor denies the same.

### United States Patent No. 10,009,637

52.     Rarefied admits that United States Patent No. 10,009,637 ("the '637 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on June 26, 2018.  Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 52.

53.     Rarefied admits that the '637 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '637 patent is in fact valid.

54.     Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 54 and therefor denies the same.

### United States Patent No. 10,171,846

55.     Rarefied admits that United States Patent No. 10,171,846  ("the '846 patent") bears the title "System and Method for Routing Media" and states that it was issued to Jennings et al. on January 1, 2019.  Except as expressly admitted, Rarefied denies all remaining allegations in paragraph 55.

56.     Rarefied admits that the '846 patent is presumed valid under 35 U.S.C. § 282. Rarefied denies that the '846 patent is in fact valid.

57.     Rarefied is without sufficient information to form a belief as to the truth of the allegations of Paragraph 57 and therefor denies the same.

### CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 7,054,949

58.     Rarefied incorporates the preceding paragraphs as if fully set forth below.

59. Rarefied denies the allegations of Paragraph 59.

60. Rarefied denies the allegations of Paragraph 60.

61. Rarefied denies the allegations of Paragraph 61.

62. Rarefied denies the allegations of Paragraph 62.

63. Rarefied denies the allegations of Paragraph 63.

64. Rarefied denies the allegations of Paragraph 64.

65. Rarefied denies the allegations of Paragraph 65.

66. Rarefied denies the allegations of Paragraph 66.

67. Rarefied denies the allegations of Paragraph 67.

## Count II – Infringement of United States Patent No. 7,689,706

68. Rarefied incorporates the preceding paragraphs as if fully set forth below.

69. Rarefied denies the allegations of Paragraph 69.

70. Rarefied denies the allegations of Paragraph 70.

71. Rarefied denies the allegations of Paragraph 71.

72. Rarefied denies the allegations of Paragraph 72.

73. Rarefied denies the allegations of Paragraph 73.

74. Rarefied denies the allegations of Paragraph 74.

75. Rarefied denies the allegations of Paragraph 75.

76. Rarefied denies the allegations of Paragraph 76.

77. Rarefied denies the allegations of Paragraph 77.

78. Rarefied denies the allegations of Paragraph 78.

## Count III – Infringement of United States Patent No. 8,825,887

79. Rarefied incorporates the preceding paragraphs as if fully set forth below.

80. Rarefied denies the allegations of Paragraph 80.

81. Rarefied denies the allegations of Paragraph 81.

82. Rarefied denies the allegations of Paragraph 82.

83. Rarefied denies the allegations of Paragraph 83.

84. Rarefied denies the allegations of Paragraph 84.

85. Rarefied denies the allegations of Paragraph 85.

86. Rarefied denies the allegations of Paragraph 86.

87. Rarefied denies the allegations of Paragraph 87.

88. Rarefied denies the allegations of Paragraph 88.

## Count IV – Infringement of United States Patent No. 9,026,673

89. Rarefied incorporates the preceding paragraphs as if fully set forth below.

90. Rarefied denies the allegations of Paragraph 90.

91. Rarefied denies the allegations of Paragraph 91.

92. Rarefied denies the allegations of Paragraph 92.

93. Rarefied denies the allegations of Paragraph 93.

94. Rarefied denies the allegations of Paragraph 94.

95. Rarefied denies the allegations of Paragraph 95.

96. Rarefied denies the allegations of Paragraph 96.

97. Rarefied denies the allegations of Paragraph 97.

98. Rarefied denies the allegations of Paragraph 98.

## Count V – Infringement of United States Patent No. 9,135,635

99. Rarefied incorporates the preceding paragraphs as if fully set forth below.

100. Rarefied denies the allegations of Paragraph 100.

101.    Rarefied denies the allegations of Paragraph 101.

102.    Rarefied denies the allegations of Paragraph 102.

103.    Rarefied denies the allegations of Paragraph 103.

104.    Rarefied denies the allegations of Paragraph 104.

105.    Rarefied denies the allegations of Paragraph 105.

### Count VI – Infringement of United States Patent No. 9,135,636

106.    Rarefied incorporates the preceding paragraphs as if fully set forth below.

107.    Rarefied denies the allegations of Paragraph 107.

108.    Rarefied denies the allegations of Paragraph 108.

109.    Rarefied denies the allegations of Paragraph 109.

110.    Rarefied denies the allegations of Paragraph 110.

111.    Rarefied denies the allegations of Paragraph 111.

112.    Rarefied denies the allegations of Paragraph 112.

### Count VII – Infringement of United States Patent No. 9,350,777

113.    Rarefied incorporates the preceding paragraphs as if fully set forth below.

114.    Rarefied denies the allegations of Paragraph 114.

115.    Rarefied denies the allegations of Paragraph 115.

116.    Rarefied denies the allegations of Paragraph 116.

117.    Rarefied denies the allegations of Paragraph 117.

### Count VIII - Infringement of United States Patent No. 9,380,088

118.    Rarefied incorporates the preceding paragraphs as if fully set forth below.

119.    Rarefied denies the allegations of Paragraph 119.

120.    Rarefied denies the allegations of Paragraph 120.

121.  Rarefied denies the allegations of Paragraph 121.

122.  Rarefied denies the allegations of Paragraph 122.

123.  Rarefied denies the allegations of Paragraph 123.

### Count IX – Infringement of United States Patent No. 9,591,360

124.  Rarefied incorporates the preceding paragraphs as if fully set forth below.

125.  Rarefied denies the allegations of Paragraph 125.

126.  Rarefied denies the allegations of Paragraph 126.

127.  Rarefied denies the allegations of Paragraph 127.

128.  Rarefied denies the allegations of Paragraph 128.

129.  Rarefied denies the allegations of Paragraph 129.

130.  Rarefied denies the allegations of Paragraph 130.

### Count X – Infringement of United States Patent No. 9,756,362

131.  Rarefied incorporates the preceding paragraphs as if fully set forth below.

132.  Rarefied denies the allegations of Paragraph 132.

133.  Rarefied denies the allegations of Paragraph 133.

134.  Rarefied denies the allegations of Paragraph 134.

135.  Rarefied denies the allegations of Paragraph 135.

136.  Rarefied denies the allegations of Paragraph 136.

137.  Rarefied denies the allegations of Paragraph 137.

138.  Rarefied denies the allegations of Paragraph 138.

139.  Rarefied denies the allegations of Paragraph 139.

140.  Rarefied denies the allegations of Paragraph 140.

141.  Rarefied denies the allegations of Paragraph 141.

## Count XI – Infringement of United States Patent No. 10,009,637

142. Rarefied incorporates the preceding paragraphs as if fully set forth below.

143. Rarefied denies the allegations of Paragraph 143.

144. Rarefied denies the allegations of Paragraph 144.

145. Rarefied denies the allegations of Paragraph 145.

146. Rarefied denies the allegations of Paragraph 146.

147. Rarefied denies the allegations of Paragraph 147.

148. Rarefied denies the allegations of Paragraph 148.

149. Rarefied denies the allegations of Paragraph 149.

## Count XII – Infringement of United States Patent No. 10,171,846

150. Rarefied incorporates the preceding paragraphs as if fully set forth below.

151. Rarefied denies the allegations of Paragraph 151.

152. Rarefied denies the allegations of Paragraph 152.

153. Rarefied denies the allegations of Paragraph 153.

154. Rarefied denies the allegations of Paragraph 154.

155. Rarefied denies the allegations of Paragraph 155.

156. Rarefied denies the allegations of Paragraph 156.

157. Rarefied denies the allegations of Paragraph 157.

158. Rarefied denies the allegations of Paragraph 158.

159. Rarefied denies the allegations of Paragraph 159.

## JURY DEMANDED

160. Rarefied hereby demands trial by jury on all claims and issues so triable.

## RESPONSE TO SITO'S PRAYER FOR RELIEF

Rarefied denies that it infringes or has infringed any claims of the Patents in Suit. Rarefied further denies that SITO is entitled to any relief, including, but not limited to, damages, costs, fees, interest, and an injunction. Rarefied denies all remaining allegations in SITO's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to Rarefied's right or ability to allege additional defenses, Rarefied pleads the following affirmative defenses.

### First Affirmative Defense

162. Rarefied does not directly or indirectly infringe any of the Patents in Suit, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

163. The claims of the Patents in Suit are invalid for failing to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, and 112.

### Third Affirmative Defense

164. The relief SITO seeks is barred in whole or in part by the failure to provide adequate notice, actual or constructive, pursuant to 35 U.S.C. § 287.

### Fourth Affirmative Defense

165. The relief SITO seeks is barred in whole or in part by the time limitation on damages set forth in 35 U.S.C. § 286.

15

## Fifth Affirmative Defense

166.    The relief SITO seeks is barred, and/or the Patents in Suit are unenforceable against

Rarefied, in whole or in part, by the doctrine of prosecution laches.

## Sixth Affirmative Defense

167.    To the extent SITO'S claims are directed to acts occurring outside the United States,

SITO'S claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271

et seq., including but not limited to § 271(a).

Dated: July 12, 2021                                Respectfully submitted,

Of Counsel:

Edward A. Pennington*                               Erin B. Shank
epennington@sgrlaw.com                              Texas State Bar No.: 01572900
SMITH, GAMBRELL & RUSSELL, LLP                      ERIN B. SHANK, P.C.
1055 Thomas Jefferson St. NW                        1902 Austin Avenue
Suite 400                                           Waco, TX 76701
Washington, D.C. 20007                              Tel: (254) 296-1161
                                                    Fax: (254) 296-1165
                                                    shankcourtnoticesonly@gmail.com

                                                    *Attorneys for RAREFIED ATMOSPHERE, INC.*

*pro hac vice* motion pending

16

## Certificate of Service

I hereby certify that on July 12, 2021, I have served a true and correct copy of the forgoing Answer to Complaint for Patent Infringement on the following counsel of record:

sent via email at raymort@austinlaw.com
Raymond W. Mort, III
THE MORT LAW FIRM
100 Congress Avenue
Suite 2000
Austin, TX 78701
Attorney for the Plaintiff


Erin B. Shank.
ERIN B. SHANK, P.C.
1902 Austin Avenue
Waco, TX 76701
Phone: 254-296-1161
Fax: 254-296-1165
shankcourtnoticesonly@gmail.com
LOCAL COUNSEL FOR DEFENDANT RAREFIED
ATMOSPHERE, INC.